NEIL C. HYSLEP AND ANN A. HYSLEP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hyslep v. Commissioner
Docket No. 9064-84.
United States Tax Court
T.C. Memo 1986-391; 1986 Tax Ct. Memo LEXIS 209; 52 T.C.M. (CCH) 242; T.C.M. (RIA) 86391; August 25, 1986. Neil C. Hyslep, pro se. Gioele Settembrini, Jr., for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Code [1] and Rules 180, 181, and 182. Respondent determined a *210 deficiency in petitioners' Federal income tax for 1980 in the amount of $2,774, and an addition to tax under section 6653(a) in the amount of $138.70. The issues for decision are whether petitioners are entitled to deduct expenses incurred while away from home under section 162(a)(2); and whether petitioners are liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Jacksonville, Florida, at the time the petition herein was filed. Neil C. Hyslep (petitioner) is an electrical construction worker who, for over 35 years, was affiliated with the International Brotherhood of Electrical Workers (IBEW). As a member of IBEW, petitioner received work assignments out of the local office to which he belonged by referral to an employer utilizing his skills.In late 1979, petitioner was referred to IBEW Local 328 in West Palm Beach, Florida, where he was informed, in September 1979, that work was available in the construction of *211 a nuclear power plant on a small island near Jensen Beach, Florida. Petitioner contracted with the contractors listed below and thereafter performed labor at the nuclear power plant site as follows: 9/17/79 - 1/21/80
EBASCO Services, Inc.
3/24/80 - 7/31/80
EBASCO Services, Inc.
8/11/80 - 12/13/80
EBASCO Services, Inc.
At the times petitioner was hired, he was not informed as to the length of his employment and was aware that he could be laid off at any time. He was also aware that the construction project would take many years, and he could be employed there for some time.During 1980, petitioner was laid off three times but was rehired shortly thereafter. He continued his work during 1981, 1982, and 1983; however, as in 1980, petitioner was laid off and rehired several times during those years. During 1980, petitioner rented a lot and maintained a mobile home in Jensen Beach, Florida, but continued to maintain a residence with his wife in Jacksonville, Florida. During 1980, petitioner returned to his residence on weekends, a distance of 262 miles. Petitioners, on their 1980 Federal income tax return, deducted $10,110.78, as expenses in maintaining their *212 mobile home in Jensen Beach, Florida, and for petitioner's expenses in driving to and from Jacksonville, Florida each weekend. Respondent disallowed the claimed deduction, on the basis that petitioner was not "away from home" under section 162(a)(2). Upon review of the record, we agree. OPINION Section 162(a)(2) allows a taxpayer to deduct traveling expenses, including amounts expended for meals and lodging, if such expenses are: (1) ordinary and necessary; (2) incurred while "away from home;" and (3) incurred in the pursuit of a trade or business. ; . To determine whether petitioners' expenses were deductible under section 162(a)(2), a determination must be made whether he was "away from home." The determination of whether a taxpayer is "away from home" turns on whether the employment at the distant location was temporary or indefinite. See , and cases cited therein. If the employment was temporary, the taxpayer's tax home is his primary residence; where a taxpayer's employment was *213 indefinite, the taxpayer's tax home, within the purview of section 162(a)(2), is where the indefinite job was located. . That is to say, once a job has been determined to be indefinite, the job is considered to be the taxpayer's principal employment and his tax home is where the principal place of employment is located. Expenses incurred at a taxpayer's tax home are not deductible under section 162(a)(2) because they are not incurred "away from home" and are considered nondeductible, personal expenses. See section 262. Whether petitioner's employment was temporary or indefinite is a question of fact. , cited with approval in . The burden of proof is upon the petitioners. Rule 142(a); . A taxpayer may discharge his burden of proof by showing that employment at the location in question was such that "termination within a short period could be foreseen." . Conversely, a taxpayer *214 fails to carry his burden if the evidence indicates that the employment was indefinite, i.e., "its termination [could not have been] foreseen within a fixed or reasonably short period of time." , affd. . Even if it is known that the employment will terminate within a fixed time, it is not temporary if it is expected to last for a substantial or indefinite period of time. , affd. ; . See also We find petitioners have failed to prove that the employment in question was temporary and not indefinite. Petitioners argued that, by the very nature of petitioner-husband's line of work, construction work, his work assignments were temporary. We recognize that standing alone petitioner's job assignments at times lasted for short durations, however, taken in the aggregate, petitioner was employed at the nuclear plant at least three years. Each time he was laid off, he was rehired *215 shortly thereafter. He admits he never knew when he would be laid off. The job could last a day or a year. Petitioner, however, expected employment at the plant for several years and was in fact so employed. Petitioner must demonstrate that he had a reasonable expectation of being terminated within a short time. [2] Considered in the aggregate, the facts and circumstances do not support a conclusion that petitioner's employment could reasonably have been expected in 1980 to terminate within a short time. Therefore, we hold for respondent.
Section 6653(a) provides for the imposition of an addition to tax for an underpayment of tax due to negligence or intentional disregard of rules and regulations. Petitioners bear the burden of proof on this issue. ; Rule 142. In this case, we find that petitioners have carried their burden; therefore, the addition to tax is disallowed. At trial, respondent conceded that certain amounts claimed by petitioners and disallowed by respondent were in fact properly allowable under section 162(a). Therefore, expenses in the amounts *216 of $87.99 and $712.81, representing expenses incurred for protective clothing and employment fees, respectively, are allowed. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. .↩